Okay, we'll call the next case United States of America versus Ashley Andrews Denise Francois for the appellant Mr. Ashley Andrews and Ms. Ashley Andrews for the plaintiff's defense. And I would like to request five minutes for rebuttal. That request will be granted. Thank you, Your Honor. Mr. Andrews, after a lengthy jury trial, was convicted on September 20, 2006, and I mentioned that date. It's important because of the timing with the United States Supreme Court's decision in skilling. He was convicted of one count of wire fraud pursuant to U.S. Code Section 371, four counts of honest services wire fraud, one count of program fraud, one count under the Virgin Islands Code of fraudulent claims upon the government, and one count of inducing conflict of interest pursuant to a local Virgin Islands Code. After his conviction, but before his sentencing, the United States Supreme Court in skilling versus the U.S. held that the honest services wire fraud was unconstitutionally vague and had to—any charges based upon that section had to be limited to bribes and kickbacks. When you review the second superseding indictment upon which Mr. Andrews was charged, there is a charge of honest services wire fraud. That is cited in the indictment, and that indictment was read to the jury, and I believe they took that with them to the jury room. The redacted indictment given to the jury for deliberation stated that Mr. Andrews had committed honest services wire fraud, and when the court charged the jury, there are four notable instances. One, the court said in the judge's charge to the jury, the federal claims in this case relate to—all relate to claims of fraudulent intent or attempts to corruptly deprive the government of the Virgin Islands of the honest services of an officer or employee of the government of the Virgin Islands. The second instance, as such, Eugenio Harris had a duty to uphold the laws of the Virgin Islands. Ms. Francois, because you could be quickly running out of time here, I want to get you to what I think the heart of this argument is on the skilling question. You acknowledge that, obviously, our review is for plein air, correct? Yes, Your Honor. And the concern that I have with your argument is the third prong of plein air as to whether or not the error affected your client's substantial rights. So why don't you address why you think his substantial rights were affected? The error was not harmless, and it was plein error because he was prejudiced when there was a spillover of evidence from the counts that were based upon an unconstitutional— A spillover goes to count one and count six. I believe it—Your Honor, we have argued extensively in our brief that it goes to all of the counts because they are all inextricably intertwined together. Well, it's not a spillover argument as to counts two through five. It's a question as to whether or not you have to meet the plein air standard of review. And the question is, there were some—Listen, there were some errors here. There's no question there was a count in counts two through five that mentioned the honest services fraud section, section 1346. There's no question that the court talked about this is a case of honest services fraud. There's no question honest services fraud existed here before the jury. But the question comes down to whether or not there was a separate theory upon which the court could convict under counts two through five, and that would be tangible wire fraud. That is the government's argument. And why isn't that argument correct? That argument is not correct because the jury was presented with both, and it was not given the limiting instruction that the honest service wire fraud, which was also presented to it, was limited to bribes and kickback. And that was not done, and that argument was not waived by the appellant because that was not available to the appellant until the decision came down in 2010. In the charge to the jury on the elements of counts two through five, was honest services wire fraud mentioned at all? Yes, Your Honor. At least four times by our count. As establishing an element of how. I'm talking about the elements of the crime, that there should be a fraud, that it should be by a wire, et cetera, et cetera. It does state. They do reference specifically the facts and the emails sent by wire as making up part of the counts based on honest services wire fraud. But don't they require that something be sent by wire? Don't they require that there be fraud, that there be kickback? Don't they require the tangible elements of wire fraud beyond, irregardless of honest services? Are you asking me if that was required of the government to prove or if that's what the government argued? If that's the elements that were given to the jury of what they had to determine. Didn't they have to determine the elements of tangible wire fraud? Yes, Your Honor. And they were kind of presented with a smorgasbord of offenses, Your Honor, or actionable conduct. And combined together with the intangible one was the honest services wire fraud. And that is the problem. That is the prejudicial error. Go ahead. In addition here, because of what was alleged in count six, the government also alleged and the jury found that your client bribed an official in the government as part of the scheme. Isn't that enough to show that bribery was part of the scheme? My understanding is that that is not enough because the charge has to be accompanied by a limitation that the jury consider that unconstitutionally vague statute as being limited to bribes and kickbacks. And that was not done. Isn't your case really very similar to how the cases of Black and Skilling were when they were remanded to the Courts of Appeals? I think factually, no, Your Honor, because of the nature of the Virgin Islands Code and because the charges, when you look at them, basically overlap, particularly the conspiracy count, the program fraud, the inducement. They're all based upon the same core actionable elements, Your Honor. We've also raised the argument that the court committed error when it instructed that there was no contract. That goes to one of our arguments on a sufficiency of the evidence. There was an extensive discourse at the trial level between Mr. Andrews' trial counsel and the judge and the witness, Michael Law, from the Virgin Islands Department of Justice because the government had for some time argued that there was a contract. If you look at the contract itself, it says this contract is effective when it is signed by the governor. Later on, the contract was terminated by the government. If the contract was terminated, why would the government need to terminate a contract that didn't exist? We raise this because by arguing or instructing the jury that there was no contract, it is our position that the court set up Mr. Andrews and pointed the jury towards concluding that any claim submitted pursuant to that contract had to be false and that he was not given a fair consideration or chance to rebut that case. I will reserve the rest for my five-minute rebuttal. Mr. Francois, thank you very much. Mr. Murphy? Your Honor, with regard to the last point, the court specifically made the statement that there was no contract at a sidebar, and that's in the record. In fact, while Mr. Law was on the stand, Judge Giles specifically instructed them that the fact of whether or not he could or could not file a claim was not the issue. The issue before the jury was whether or not the claim as filed, whether it was something he should have filed or not filed, the question is, was it fraudulent? Even if you file a claim you're not entitled to file, it can't be fraudulent, and that was the issue. He specifically instructed the jury to that, and I would point the court to that fact. Secondly, the government's position, first of all, is honest services didn't go to the jury. The indictment that the judge submitted and redacted took out, from the charging language, the honest services allegations in the charge. And Judge Roth, your question about the jury instructions is very, very important. If you take a look at the government's volume three, which is all of the jury instructions, at page 79 and thereafter, the court set out the elements of the offense that the government had to prove beyond a reasonable doubt, and those elements are tangible rights fraud. But on that point, I know what was set out, but the indictment, even the redacted indictment references in counts two through five, section 1346, the honest services fraud section. I agree with that, but again... So you can't say that even the indictment didn't charge it when the indictment clearly... I think the government can say that, Your Honor, and I'll say, and here's why. The language in the original indictment and in the second superseding indictment had very specific element offense language in it. I don't think the government could come to a court of appeals and say, well, we did charge that offense because we cited the statute in the end of the indictment, because the end of the indictment, that last little part, is not actually the charging language. If we didn't charge the language, we didn't charge the offense, and I think the opposite is true here. If the judge took out the language, that wasn't in the indictment. Why was the superseding indictment handed down? It doesn't appear from the record clearly as to why. The second superseding indictment? Yes, the one that went to the jury. That did not go to the jury unredacted. As the judge said, I've redacted the indictment to conform with what I heard. Did he take out every single reference in some of the preamble parts of the indictment to the words, honest services? No. It's in one paragraph, I think. Would it have been better if he did? Was that a mistake not to take that out? Okay, yes. But is it error? Is it in the substantive counts? No. It was taken out of the conspiracy count, charging language, the elements of the offense. It was taken out of counts two through five, the elements of the offense. The jury was told the only elements on which you can convict this defendant are tangible rights for it. And this is really, really important, I think, Judge. After the instructions were originally given at the close of the case, the defendant didn't have objections so much as he wanted clarifications and certainty in what the jury was being told about what they had to find in order to convict. And I've been doing this for 36 years. And it's a very rare occasion where a district court judge says, okay, bring the jury back in here. We're going to give them some more specific instructions. And that's what the judge did in this case. He brought them back in and he said, you have to convict on what is in the indictment and only what's in the indictment. Now, I'm paraphrasing. I hope nobody will point out I just paraphrased a little bit, but I'm summarizing what he said. Essentially, what he said was exactly what's in that indictment. That's what you have to find. And that's what they found. If I could move on, I think the question about isn't this case in the same position as Skilling when it was remanded because of the argument I just made, I think not. But let's assume for a second that one were to decide that honest services actually did go to the jury and the court just completely forgot to instruct in any regard on honest services. It's not just bribery wasn't in there. There's no instructions about honest services. It is in that sense in the same position because you're getting to the analysis of harmless error. And when you look at the evidence in this case on the tangible rights theory, which is in Count 1, it's in Counts 2 through 5, when you look at the analysis of the evidence on those counts, it's overwhelming. And the jury would have convicted in any event. And then you add on the point that the court made with regard to not only the bribery in the 666 counts, but you add on the conflict of interest statute here in this case. All of the evidence that came in with regard to what would have been an honest service theory going to the jury, all of it would have come in on the conspiracy, on the mail fraud counts, on the wire fraud counts, excuse me, on the 666 count, on the false claim count, and on the conflict of interest statute. So in that sense, Judge, it is in the same position. But I would argue to the court it's not in the same position because honest services didn't get that. You're saying it's an even better position. I am. Absolutely. If the court has any questions about any of the other issues in this case, I think the spillover argument is completely off base because the evidence has to be inadmissible on the other counts in order for spillover to be prejudicial. I do have a question about one other part of this case. It doesn't go to the heart of the conviction, but it goes to the sentence. You seem to argue in your brief that there is error in the fact that there was a general sentence. Reading the Third Circuit cases, that's the conclusion I came to. Let me ask you this. Whether there is or there isn't, Mr. Andrews filed an appeal. Mr. Andrews didn't raise that. You did not file a cross appeal. And out of the blue comes this question about whether this is or isn't a general sentence. Who's claiming this and is it properly before us? If the court would take the position it's not properly before you, I'd be more than pleased. However, it was discussed by the parties in the district court. I noticed that it wasn't in the brief as it came to this court. Frankly, I thought it was a legitimate issue in the Third Circuit. I'm an Eighth Circuit lawyer, wouldn't be, but in the Third Circuit it is and I thought it appropriate to advise the court that that issue existed in that. Worse, I would ask the court, if you decide it's before you, you decide to correct it at most, send it back for the court without a hearing. We've already had extensive hearings in this case. Every luminary in the Virgin Islands showed up and said Mr. Andrews was a great guy and the judge gave him twelve and a half years. I did think it was a legitimate issue. I didn't ignore it. You answered my question, but I'm still not sure it's before us. Well, technically it's not. Thank you, Your Honor. I'm sorry I went on too long on that. If there are any other questions, I'd be pleased to answer, otherwise I'm done. Thank you, Your Honor. Ms. Francois, is that issue before us? Technically, no, Your Honor, but I wanted to let the court know that when we did file a motion for release on bail pending the appeal the sentencing judge, Judge Sanchez, he wasn't the trial judge, did render a decision. He denied the release, but he did admit that he had made two errors on the sentencing. He had imposed a sentence that exceeded the maximum level on the program fraud and the inducing conflict of interest charges. I'm sure Mr. Murphy will correct me if I got that wrong. Your Honor, I don't want to repeat what I have in our briefs. I think I've said this exhaustively, and I have to say that the way I laid it out in the brief in writing is, I think, better than I can articulate in this limited amount of time. I would like to add that there is because of the timing, because of skilling coming down in 2010, in this case being tried in 2006, and no party being able to anticipate what the Supreme Court decision would be in skilling in 2010, the instructions could not have been done correctly at the trial level, Your Honor. For the reasons that we lay out in our briefs, we urge this court to reverse all of the counts based upon the skilling decision, that the error was legal error and not harmless error, that the government did not meet its burden to show that it was harmless error, and that all of those counts against Mr. Andrews should be reversed, and this matter if not thrown out entirely, that it be remanded for proceedings consistent with skilling, Your Honor. Thank you. We thank both counsel for excellent arguments, and we'll take the matter under advisement.